UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN PARKER                                                        CIVIL ACTION

VERSUS                                                             NO. 07-5915

ARCO OIL & GAS CO., ET AL.                                         SECTION "S" (2)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 6) is **GRANTED**.

BACKGROUND

Plaintiff, John Parker, filed a petition in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, alleging that he sustained injuries on June 12, 2007, while working as a deckhand aboard a 1993 31" Fiberglass Shrimp Boat navigated by Captain Webley Bourgeois. Parker further alleges that the vessel allided with an unmarked, unlighted flow line or pipeline, which was located approximately 2 feet, 6 inches deep and which caused Parker to be thrown around the vessel. Parker sued Arco Oil & Gas Company, the alleged owner of the pipeline, arguing that Arco failed to mark the line and provided no lighting, or abandoned the line with full knowledge of the leaseholders. Parker also sued the alleged leaseholders of State Lease No. 1927, where the incident occurred. The alleged leaseholders are Apache Corporation, Devon Energy Production Company, L.P., Exxon Mobile Corporation, and Shell Offshore, Inc., the diverse defendants, and Ridgelake Energy, Inc., the State of Louisiana, through the Department of Natural Resources, and

the Louisiana Mineral Board, the non-diverse defendants.  Alternatively, Parker alleges that Apache, Devon, Exxon, Shell, Ridgelake, the State of Louisiana, through the Department of Natural Resources, and the Louisiana Mineral Board are liable under Louisiana Civil Code Articles 2317 and 493 because the pipeline was in their care, custody, and control.

Devon removed the case to federal court arguing that diversity jurisdiction exists because the non-diverse defendants were improperly joined.  Parker has filed a motion to remand.

## DISCUSSION

**A)     Standard of Review**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper

joinder." *Id.*

**B)**     **Jurisdiction**

Parker requests remand contending that Devon has not demonstrated that the non-diverse defendants were improperly joined. Parker argues that he has not yet determined whether all or some of the defendants named in the petition owned or had custody or control of the pipeline at issue or whether the State lease was ended by its own terms. Parker has sued defendants under Article 2317, alleging that defendants are liable because they had either ownership or care, custody, or control of the pipeline. He further argues that Article 493 applies.

Article 2317 states:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Article 493 provides, in part:

Buildings, other constructions permanently attached to the ground, and plantings made on the land of another with his consent belong to him who made them. They belong to the owner of the ground when they are made without his consent.

Parker contends that Devon is asking this Court to make a determination on the merits of his causes of action against the non-diverse defendants, which is not required regarding the improper joinder analysis.

Devon argues that it is undisputed that Arco is the only defendant that owns the pipeline, and therefore, Parker's claims against the remaining defendants are improper. Devon contends that Parker has no cause of action against any of the mineral lessees for injuries he sustained. Devon cites two cases for this contention, *Giorgio v. Alliance Operating Corp.*, 2005-0002 (La. 1/19/06), 921 So. 2d 58 and *Creppel v. Shell Oil Co.*, 738 F.2d 699 (5th Cir. 1984).

In *Creppel,* plaintiff was an owner of a shrimp boat, which allegedly hit a pipe in an oil company's mineral lease in Louisiana territorial waters in the Gulf of Mexico. *Creppel*, 738 F. 2d at 700. Plaintiff filed suit against the oil company, and the jury found that the oil company and plaintiff were both negligent. *Id.* In reversing the jury verdict, the court of appeal noted that the plaintiff "offered no direct proof that the object which he hit belonged to or was placed in the water by [the mineral lessee] or was under its control." *Id.* at 701. The plaintiff predicated the oil company's duty "solely on its status as mineral lessee with notice that the potentially hazardous object was in the water covering a portion of its lease." *Id.* The court held that the mineral lessee had no duty to clear its maritime leases of all obstructions simply because it had notice of them. *Id.* A duty exists when the lessee owns the obstructions, has placed them, or maintains them under its control. *Id.* Although it was arguable that circumstantial evidence existed for the jury to have found that the mineral lessee owned, maintained, placed, or controlled the pipe in the leased area, the trial court did not instruct the jury that such a finding was a prerequisite to holding the mineral lessee liable. *Id.* at 702. Because the district court's instructions were inadequate, the appellate court reversed and remanded the case. *Id*.

Similarly, in *Giorgio,* 921 So. 2d at 63-64, boaters collided with pilings of an abandoned oil production platform on State of Louisiana Lease 8342. Plaintiffs sued several defendants, including the State, who had at one time owned, operated, or were responsible for the platform, arguing that the defendants had a duty to light the structure. *Id*. at 64. After settling with several defendants, the trial went forward against the State. *Id.* The district court rendered judgment against the State, and the judgment was affirmed by the Court of Appeal. *Id*. at 62. The Louisiana Supreme Court found that the State did not own the platform and pilings. *Id.* The court further found that at time that the

4

allision occurred, the State did not have custody or garde of the platform or pilings because the State neither owned, nor controlled or benefitted from the structures. *Id.* The court reversed the appellate court and found that absent ownership or custody of the structure, the State had no duty to light the platform. *Id.*

Under the rule of *Creppel* and *Giorgio,* the lessee defendants, including the non-diverse defendants, Ridgelake, the State of Louisiana, through the Department of Natural Resources, and the Louisiana Mineral Board, could be liable for damages caused by the unmarked, unlighted pipeline if they owned, maintained, placed, or controlled the pipeline. Whether Arco is the only owner of the pipeline is disputed.

Parker argues that because discovery has not been conducted, there is no way of knowing whether the State owns the pipeline at issue or whether the State had care, custody, or control over the pipeline. Based on *Creppel* and *Giorgio* and considering Parker's allegations that the defendants had care, custody, or control over the pipeline, Devon has not demonstrated that is no possibility of recovery by Parker against the non-diverse defendants, Ridgelake, the State of Louisiana, through the Department of Natural Resources, and the Louisiana Mineral Board. Accordingly, remand is granted.

## **CONCLUSION**

Plaintiff's motion to remand is granted.

New Orleans, Louisiana, this \_\_\_\_4\_\_\_\_ day of December, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**